IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. ENCI, JR., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 11-31 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 12th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

    Plaintiff argues that the testimony of the vocational expert ("VE") was not consistent with the Dictionary of Occupational Titles ("DOT") and, therefore, did not constitute substantial evidence upon which the Administrative Law Judge ("ALJ") could rely. However, neither the facts of the case nor the applicable law support this position.

    Plaintiff's primary argument relates to the VE's treatment of the sit/stand option requirement contained in the residual functional capacity ("RFC") determined by the ALJ. Despite Plaintiff's misleading claim that "the VE never even mentioned that his testimony regarding the sit/stand option was inconsistent with the DOT," the discussion between the ALJ and VE regarding the effect of the sit/stand option on the jobs available for Plaintiff was quite extensive. For each of the jobs the VE found that the hypothetical person identified by the ALJ could perform at the light exertional level, he expressly reduced the number of such positions available in half to account for the sit/stand option. (R. 55). He explained what he meant by a "sit/stand option," and when asked by the ALJ whether his testimony was consistent with the DOT, testified that it was, except for the adjustment he made for that option. He further explained that he made this reduction based on his experience in placing individuals. (R. 56-57). In her decision, the ALJ fully explained that the sit/stand option is not directly addressed by the DOT, but that the VE was able to testify on the matter based on his expertise and experience. This analysis clearly complied with S.S.R. 00-04p, 2000 WL 1898704 (S.S.A.) (Dec. 4, 2000).

    Regardless, even if the record had not contained the discussion set forth above, an unexplained conflict between a VE's testimony and the DOT does not require remand if substantial evidence supports the ALJ's findings. See Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005); Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2003). Moreover, minor unexplained inconsistencies do not necessarily warrant a remand. See Rutherford, 399 F.3d at 558. Here, substantial evidence clearly supports the ALJ's reliance on the VE's testimony regarding the impact of the sit/stand option. As discussed above, the DOT is silent as to the sit/stand option in regard to the relevant occupations, so the VE's testimony taking this additional limitation into account was not inconsistent with the DOT in any way. In any event, as explained above, he adequately explained how he factored the option into his analysis.

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

The other "conflicts" between the VE's testimony and the DOT cited by Plaintiff likewise find no support in the facts of law. For example, Plaintiff argues that a limitation to unskilled work would preclude a job with a specific vocational preparation ("SVP") time rating of 2 under the DOT. However, SSR 00-04p specially provides that "unskilled work corresponds to an SVP of 1-2." Id. at *3. Likewise, Plaintiff argues that a limitation to routine and repetitive tasks would preclude work requiring a reasoning level of 2 under the DOT. This argument was specifically rejected by the Third Circuit in Money v. Barnhart, 91 Fed. Appx. 210 (3d Cir. 2004). See also Myers v. Astrue, 2011 WL 2580455, at *11 (W.D. Pa. June 28, 2011). Plaintiff actually goes so far as to equate "reaching," "handling" and "fingering" with overhead lifting. It should go without saying that these actions are not the same at all. There is likewise no basis for the other "inconsistencies" alleged by Plaintiff. Moreover, Plaintiff does not offer any explanation as to the relevance of the alleged discrepancy in the number of jobs available, and, significantly, he does not at any point dispute that these jobs exist in the national economy.

In sum, there is no actual conflict between the VE's testimony and the DOT. Moreover, the ALJ adequately complied with SSR 00-04p in regard to any potential conflict. As such, there is no merit to Plaintiff's argument.

The Court notes that the Government chose not to address the issues regarding the VE's testimony raised by Plaintiff in any way, even though they were the only issues raised. While the Court understands that the parties filed for summary judgment on the same day, it is unclear why, after seeing that Plaintiff solely raised issues not addressed in the Government's brief, it did not file any additional response.